# No. 13,877.

## HARTNER *v.* DAVIS ET AL.
(68 P. [2d] 456)

Decided February 15, 1937. On rehearing, original opinion modified and adhered to May 10, 1937.

Mr. BENJAMIN C. HILLIARD, JR., for plaintiff in error.

Mr. DAVID P. STRICKLER, Mr. THOMAS M. BURGESS, for defendants in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

ON April 26, 1932, the defendant in error, Perry Davis, whom we shall hereinafter refer to as Davis, filed suit in the county court of Elbert county against the defendant in error Blotz-Henneman Seed Company, hereinafter designated the Seed Company, on four causes of action arising on warehouse receipts for beans delivered by Davis and his assignors to the Seed Company, praying for judgment for the total sum of $668.49 and interest. Davis regularly procured the issuance of a writ of attachment and the sheriff levied upon an elevator belonging to the defendant Seed Company located at Simla, Colorado, on May 2, 1932. Summons was thereafter duly served and judgment by default was entered against the Seed Company, special execution issued and the attached property was advertised for sheriff's sale on October 3, 1932. On October 6, 1932, three days after the sale, the plaintiff in error, claiming to be a creditor of the Seed Company, filed his motion to vacate the default judgment, quash the execution, vacate the sheriff's sale, and permit him to intervene under the provisions of section 99 of the Code of 1921 (S. L. '94, p. 42, §2), and become a plaintiff in the original attachment proceeding. The motion to vacate was supported by the plaintiff in error's affidavit to the effect that the then attorney for Davis had agreed that no default or judgment would be taken in the matter without notice to one Roy Wallrabenstein, of Amarillo, Texas, and a member of the bar of that state. The motion was resisted by the affidavit of the attorney who represented Davis at that time, largely denying the affidavit of the plaintiff in error. On December 23, 1932, the county court granted plaintiff in error's motion to vacate and to intervene upon terms which were complied with. On the same day plaintiff in error filed his petition of intervention and complaint and caused summons and writ of attachment to issue, upon which service and levy were duly made. The plaintiff in error's complaint prayed for judgment against the Seed Company in the sum of $14,824.03 as a result of which the county court ordered

the cause certified to the district court as provided by section 103, Code of 1921. Following trial of the cause, the district court entered judgment against the Seed Company in favor of Davis and, in accordance with the prayer of his complaint, sustained his attachment and dismissed the petition of intervention of the plaintiff in error without prejudice to the right of the plaintiff in error to bring suit against the Seed Company on the notes and indebtedness set up in the plaintiff in error's complaint.

It is our view that the only question here involved is the construction of section 99, Code of 1921, which relates to the time within which a creditor, seeking to avail himself of the benefits conferred by this section, must file his intervention proceedings. This section of the Code reads as follows: "That no final judgment shall be rendered in a cause wherein an attachment writ has been issued and a levy made thereunder, until the expiration of thirty days after such levy has been made; and any creditor of the defendant making and filing an affidavit and undertaking, as hereinbefore required of the plaintiff, together with his complaint setting forth his claim or demand constituting his cause of action against the defendant, shall, upon application to the court wherein such action is brought, be made a party plaintiff in such action, and may have like remedies against the defendant to secure his claim or demand, as the law gives to the original plaintiff."

Davis contends that in the intervention proceedings provided for by this section of the Code, creditors of the class therein designated, to avail themselves of its remedies, must file their intervention proceedings within thirty days after the levy of the writ of attachment in the original proceedings. The plaintiff in error, on the other hand, asserts that the statute provides no limitation as to the time of filing of the intervention proceedings and that intervention filed any time before final judgment in the original proceeding is entitled to consideration, and

to the same remedies against the attachment defendant as the original plaintiff.

It does not appear that this court has ever directly passed upon this point. The only case which mentions the matter is *Trinidad Bank v. Jamieson Co.*, 60 Colo. 356, 359, 153 Pac. 441, where Mr. Justice Bailey makes the following statement: "It is provided by section 99 that within thirty days after the levy of an attachment writ any creditor of the defendant, upon filing affidavit, undertaking and complaint, shall upon application be made a party plaintiff to the proceeding * * *." While this point was not directly in controversy in that case, intervener's proceedings having been filed within the thirty day period, the court's statement, nevertheless, is indicative of its view upon the matter of the time within which such intervention proceedings should be filed.

An examination of Colorado's Code of Civil Procedure will show that prior to the passage of section 2, c. 3, p. 42, S. L. '94 (§99, Code of 1921), there was no provision whereby it was possible for all attaching creditors to put themselves in a position of equality in respect to the satisfaction of their demands out of the property attached, or could they be named as plaintiffs in one general proceeding for the purpose of adjudicating their respective rights. As a part of the amendment made by the Act of 1894 (c. 3, S. L. '94), in addition to the present section 99 of the Code of 1921, there was introduced therein sections 100, 101, 102 and 103 of our present Code of 1921. These enumerated sections all relate to rights and procedure in connection with intervention by attaching creditors. It is a cardinal rule of statutory construction that in case of ambiguity in any part of a section of a statute, that the intent of the legislature is to be determined from the entire body of the statute.

It is our conclusion, on considering the whole of the amendment of 1894, that it was intended by the legislature that creditors seeking to avail themselves of the privileges conferred by the present section 99 of the Code

of 1921, must file their intervention proceedings within thirty days after the levy has been made under the writ of attachment in the original proceeding. This seems to have been the previous view of this court as stated in the *Trinidad Bank v. Jamieson Company case, supra,* and we now so hold. The levy in the original proceeding in the instant case was made on May 2, 1932. The affidavit and complaint and other papers in the intervention proceedings were not filed until December 23, 1932, obviously more than thirty days after the levy, and, therefore, availed the plaintiff in error nothing.

It seems to us that any other construction would lead to endless confusion and controversy. For instance, if the period within which the intervening creditor may file the original proceeding extended to the date of final judgment, the original attaching creditor would be in a position to control to a large extent the number of intervening claims which could be filed in any proceeding, by deferring or accelerating, after the thirty day period, the time he took judgment on the original claim. That it was not the intent of the act as a whole to permit any attaching creditor to control the subsequent proceedings, is clearly demonstrated by section 100 of the Code of 1921, where it is expressly provided that the dismissal by the first or any subsequent attaching creditor of his cause of action will not operate as a dismissal of the whole proceeding. Further, if the statute should be construed so as to permit an attaching creditor to intervene at any time before final judgment, it would be possible for such a creditor to become a party plaintiff in the proceeding, even after the case had been tried in the lower court and taken to this court on a writ of error and sent back for a new trial. This we cannot believe the legislature intended to allow.

We further believe that the district court was entirely within its jurisdiction in dismissing the petition in intervention. Section 103, Code of 1921, providing for certification by the county court of a case commenced

there, to the district court, when the amount of the claim of any intervener is in excess of $2,000, provides: "And thereafter the case shall proceed in the same manner as if it had been originally begun in the district court." Therefore, the question of whether the proceedings in intervention were instituted within the time required by section 99 of the Code of 1921, was a matter which could be passed upon by the district court in precisely the same manner as if the intervention proceedings had been filed in the district court in the first instance.

Under our view of the case there is no necessity for our passing upon the propriety of the vacation of the original judgment in the county court, or its consideration by the district court, if it was considered there. Neither do we believe that the question of whether or not Davis' original attorney entered into any agreement with the former attorney of the plaintiff in error with reference to the deferring of taking default judgment in the original case, has any bearing on the matter, since the time within which the petition for intervention must be filed is fixed by the statute and not by the time of taking judgment in the original proceeding.

Regardless of our interpretation of the code provision, supra, this judgment must be affirmed. Under any theory, Hartner's petition for intervention came too late since, before it was presented, judgment had been entered, execution issued and levy and sale had thereunder.

Judgment affirmed.

Mr. Justice Young, Mr. Justice Bouck and Mr. Justice Hilliard not participating.