No. 15,742.

CONSOLIDATED UNDERWRITERS ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(185 P. (2d) 1013)

Decided October 14, 1947.

Messrs. HOWELL, JACOBS & HOWELL, Mr. DEAN WOOD, Messrs. ROGERS & BRUNO, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. WALLACE S. PORTH, Assistant, BARBARA LEE, Assistant, for defendants in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by Consolidated Underwriters, and L. R. Keith, as Keith Rig Company, to require the commissioners of the Industrial Commission of Colorado to approve a certain "Standard Workmen's Liability Contract," tendered to that end in a matter wherein Consolidated Underwriters had undertaken to indemnify Keith for and on account of any loss which he might sustain by reason of accident to his employees arising out of and in the course of their employment in Colorado. The sufficiency of the complaint was challenged by motion to dismiss, for that, as contended: (1) The court has no jurisdiction over the subject matter; (2) the court has no jurisdiction over the defendants; (3) plaintiffs have failed to state a claim upon which relief can be granted. The trial court granted the motion generally, and adjudged dismissal of the complaint. Since defendants in error, proceeding here, do not urge lack of jurisdiction, and it is not conceivable, we think, that the motion was granted on such hypothesis, we shall assume the trial court based its decision on the third ground of challenge. The ultimate question is, Does the complaint state a cause of action? Construction of statutes is involved.

The material allegations are to the effect that plaintiff Consolidated Underwriters is a reciprocal insurance exchange, with its principal place of business at Kansas City, Missouri, and that it is, and for many years has

been, engaged in selling, exchanging, negotiating and contracting workmen's compensation, liability and other forms of insurance in divers of the several states of the United States; that plaintiff Keith, as Keith Rig Company, and having his principal office at Russell, Kansas, is, and for many years has been, engaged in constructing, erecting, dismantling and installing oil rigs, derricks and other equipment in several of the states of the Union, in the course of which he employs many laborers; that in 1938 plaintiff Consolidated Underwriters, proceeding pursuant to '35 C.S.A., chapter 87, section 98, made application to the Commissioner of Insurance of Colorado, for "authority to sell, contract, exchange, and otherwise deal in workmen's compensation, liability and other insurance," in Colorado, which application was duly granted. Thereafter, in due course, and continuously hitherto, such authority and license, renewed annually, has existed and been in full force; that June 27, 1945, plaintiff Keith, having concluded to extend his operations into Colorado, and wishing to be indemnified against loss arising out of accident to his employees in course thereof, as in other states, elected to become subject to the applicable provisions of the "Workmen's Compensation Act of Colorado," and, also as in other states, applied to Consolidated Underwriters for a policy of indemnity, which it executed in due form; that July 6, 1945, plaintiff Consolidated Underwriters forwarded the policy to defendants and requested formal approval thereof, and, although said plaintiff was authorized and formally licensed by the Commissioner of Insurance of Colorado to execute policies of insurance of the nature contemplated in the policy submitted, as already stated, and which in form met all the requirements of the Industrial Commission of Colorado in such cases, and was the "Standard Workmen's Compensation Policy with the regular Colorado Endorsement appended thereto," approval thereof was denied and withheld.

That the complaint in its general aspects is in-

sufficient, as we understand, is not contended. Rather, as appears to be the view of the members of the Industrial Commission, a provision of the Workmen's Compensation Act of 1919, chapter 210, section 21 ('35 C.S.A., chapter 97, section 300), operates to disqualify Consolidated Underwriters from writing workmen's compensation insurance. But plaintiffs, first challenging that construction, reply that by amendment in 1923 to section 22 of the same act ('35 C.S.A., chapter 97, section 301), and by new sections to the workmen's compensation act enacted in 1941, chapter 241, sections 1(a) and 4 (Supp. '35 C.S.A., chapter 97, sections 435[a] and 438), the contrary clearly is implied. If that be so—to which we shall address ourselves—the original workmen's act, as amended and broadened, should be considered as a whole, and harmonized in the light of the "intent of the legislature * * * to be determined from the entire body of the statute." *Hartner v. Davis*, 100 Colo. 464, 68 P. (2d) 456.

For convenience of study, the involved sections, so far as pertinent, will be set forth at this point. The section numbers employed are of '35 C.S.A., chapter 97, and supplement thereto, as indicated above. Section 300 has not been amended since its enactment in 1919. The first and last sentences of section 301 are as in 1919, but the matter appearing between those two sentences was placed there by the legislature in the act of 1923. Sections 435(a) and 438 are of the 1941 enactment. They read as follows:

"§300. Any employer electing to become subject to the provisions of this article shall secure compensation for his employees in one of the following ways, which shall be deemed to be compliance with the insurance requirements of this article: (a) By insuring and keeping insured the payment of such compensation in the state compensation insurance fund, or, (b) By insuring and keeping insured the payment of such compensation with any stock or mutual corporation authorized to

transact the business of workmen's compensation insurance in this state. * * * (c) By procuring a self-insurance permit from the commission * * * ."

"§301. Every contract for the insurance of compensation and benefits as herein provided, or against liability therefor, shall be deemed to be made subject to all the provisions of this article and all provisions in such contract for insurance inconsistent with the provisions of this article, shall be void. Any contract of insurance issued hereunder by any insurance carrier, including stock and mutual corporations and the state compensation insurance fund, may include and cover any liability of the employer on account of personal injuries sustained by, or death resulting therefrom to any employee as such. No insurance carrier shall write any policy of insurance covering the liability under this article of any employer doing business within the state of Colorado except on a form that has been previously filed with and approved by the industrial commission of Colorado, nor shall there be attached to said policy or contract of insurance any endorsement, rider, letter or other document affecting such contract, unless the same has been filed with and the form thereof approved by said commission, which form shall be similar to that used by the commission. The industrial commission shall from time to time approve and prescribe a standard or universal form, as nearly as possible, for every contract or policy of insurance, endorsement, rider, letter or other document affecting such contract, for use in insuring the compensation herein provided for."

"§435. The industrial commission of Colorado is hereby empowered to promote and encourage the development in industry of the use of safety devices, safety methods, and the continuous study and improvement thereof, and the said commission is hereby given jurisdiction to enforce the provisions of this subdivision.

(a) For the purpose of paying the necessary expense of the industrial commission of Colorado in the execu-

tion of this subdivision, every person, partnership, association, corporation, whether organized under the laws of this state, or of any other state or county, every mutual company or association, and every other insurance carrier, including the state compensation insurance fund, insuring employers in this state against liability for personal injury to their employees, or death caused thereby, under the provisions of the Workmen's Compensation Act of Colorado, shall, as hereinafter provided, pay a tax upon the premiums received," etc.

"§438. This subdivision shall be known, and deemed to be and become, a part of the Workmen's Compensation Act of Colorado, and the industrial commission of Colorado in the enforcement of this subdivision shall have all of the powers granted to it in the Workmen's Compensation Act, and any insurance carrier or self-insurer who violates any of the provisions of this subdivision, or fails to pay the tax imposed herein, shall be deemed guilty of violation of the Workmen's Compensation Act of Colorado, and subject to the penalties therein prescribed."

■ Considering that Consolidated Underwriters, proceeding pursuant to '35 C.S.A., chapter 87, section 98, applied to the Commissioner of Insurance of Colorado for license to issue insurance policies of the nature here, and which said official granted and issued, we cannot think that even section 300, the reliance of the commissioners of the Industrial Commission, makes inoperative the policy issued in this instance. Granting that that section does appear to place some limitations on employers seeking compensation insurance, still it does not negative the right of the licensee insurer here, or others in like category, to write such coverage. Furthermore, that section does not say that insurance procured from licensed insurers other than those mentioned therein shall not be "compliance." Those considerations in mind, it is doubtful, we think, whether the legislature really intended the result to obtain by the act of the

Industrial Commission, of which complaint is made in this proceeding. But, assuming otherwise, as the whole act originally read, the subsequent amendment to section 301 thereof (1923), and the new sections 435(a) and 438 (1941), make clear, as we are persuaded, that such restricted construction does not conform to the current intention of the legislature. Primarily, at least, the competency of insurers is passed upon, and determined, by the insurance commissioner, not by the Industrial Commission. It follows that the complaint states a cause of action, and the motion to dismiss should have been overruled.

Let the judgment be reversed, and the cause remanded with directions that the trial court overrule the motion to dismiss, and, if defendants in error shall wish to answer, grant reasonable time therefore. Otherwise, it will enter decree requiring approval of the policy tendered for that purpose.